GORDON and TALBOT vs. THE AMERICAN INSURANCE CO. OF NEW-YORK.

There is an interest in the freight of a ship whenever freight is engaged by a valid contract, and the ship is at the proper place to receive the cargo, which may be insured, though the goods be not laden on board. Per BRONSON, C. J.

But where a policy upon freight for a voyage at and from Canton to a port in the United States, was expressed to be " upon the freight of all kinds of lawful goods, &c. laden or to be laden on board the good ship, called, &c. beginning the adventure upon the said freight from and immediately following the loading thereof on board the said vessel," &c.; and the ship was lost while lying at the port of Canton, ready to receive a cargo which had been engaged but was not laden on board; held, that the risk had not commenced and that the underwriters were not liable.

DECLARATION on a policy dated October 7, 1841, whereby the plaintiffs were insured, lost or not lost, at and from Canton

to a port of discharge in the United States, "upon the *freight* of all kinds of lawful goods and merchandize, *laden or to be laden* on board the good ship called the America, whereof —— is master, &c. *Beginning the adventure* upon the said freight, *from and immediately following the loading thereof on board of the said vessel* at —— as aforesaid; and so shall continue and endure until the said goods and merchandize shall be safely landed at —— as aforesaid." The freight was valued at $20,000; and the defendants by this policy insured $5000. In the second count, after setting out the contract, the plaintiffs averred that on the 21st of July, 1841, at Canton, they entered into contracts with two commercial houses, naming them, to receive large amounts of lawful goods and merchandize at the port of Canton, and transport the same in and on board the said ship America to the port of New-York, for which the plaintiffs were to be paid large sums of money, &c.: that the ship on the last mentioned day was in good condition, and well able to receive and transport the goods and merchandize so engaged on freight, and was riding at her moorings in the port of Canton ready to receive the said goods and merchandize, and waiting the orders of the shippers as to the loading of her said cargo, and to proceed on her voyage: and afterwards, on the same day, after the commencement and during the continuance of the adventure, the said ship, so being ready to receive her cargo as aforesaid, and the contracts for freight being in full force, was lost by the perils insured against: and the plaintiffs thereby lost and were deprived of the freight of the said goods and merchandize so contracted for to be taken on freight as aforesaid.

The third and fourth counts differed from the second in some particulars which it is not necessary to notice. The fifth count was substantially like the second, with the additional averment that the goods contracted to be carried were ready to be laden on board the ship at the time the ship was lost. None of the counts, except the first, alleged that any goods had been laden on board the ship before it was lost. The defendants demurred to the second, third, fourth and fifth counts; and the plaintiffs joined in demurrer.

*H. Ketchum,* for the defendants, cited 2 *Caines' Cas. Er.* 158; 3 *John. Cas.* 10; 2 *Caines,* 338; 3 *John.* 307; 8 *Wend.* 160, 167; 2 *Str.* 1251; *Park. Ins.* 62; 1 *Phil. Ins.* 436, 453.

*W. Emerson & C. O'Conor,* for the plaintiffs, cited 6 *T. R.* 478; 7 *East,* 700; 2 *Wash. C. C. R.* 346; 5 *Bing. N. C.* 519; 1 *Moody & Rob.* 88; 8 *Bing.* 79, *note, S. C.*; 1 *B. & Ad.* 45; 4 *B. & C.* 538; 3 *John.* 49; 2 *Conn.* 368; 1 *Rawle,* 97; 3 *T. R.* 368; 13 *East,* 323; 1 *M. & Sel.* 313; 10 *John.* 127, 201; 4 *Camp.* 297; 1 *B. & P.* 634; 2 *Archb. N. P.* 149; 3 *Steph. N. P.* 2099; 2 *Brod. & Bing.* 320; 3 *Chit. Coml. Law,* 451, 326; 1 *Phil. on Ins.* 132, 43; 3 *Kent,* 207; 2 *Burr.* 1216; 2 *John.* 335; 4 *Howard,* 326; 10 *Mass.* 26; 1 *Duer on Ins.* 168; *Hughes on Ins.* 110, 11; *Miller on Ins.* 15; 1 *Magens Lex Mer.* 106; *Weskett on Ins.* 244, 426; 1 *Marsh. on Ins.* 97, 111; 2 *East,* 548; *Park. on Ins.* 28; 4 *John.* 445; 4 *T. R.* 210; 4 *B. & P.* 23; 1 *Mason R.* 127; 2 *Caines,* 14.

*By the Court,* BRONSON, Ch. J.   In England and some of the American states, there is no policy particularly adapted to insurance on freight; but the common form for insuring on ship or cargo is used, with only a brief memorandum in the margin, or elsewhere on the policy, stating the insurance to be on freight.   And the practice was formerly the same in this state.   In such cases, as the parties have omitted to declare when the risk shall commence, it has been left to the courts to settle that matter for them.   And it has been held, that the policy attaches as soon as there is an insurable interest in the freight: and that as a general rule, there is such an interest when the cargo is on board the ship; and not before.   (*Tonge* v. *Watts,* 2 *Str.* 1251; *Smith* v. *Steinbach,* 2 *Caines' Cas. Er.* 158; *Hart* v. *The Delaware Ins. Co.* 2 *Wash. C. C. R.* 346; *Patrick* v. *Ludlow,* 3 *John. Cas.* 10.)   But where there is a charter-party for a voyage, in the course of which the goods are to be taken on board and the freight earned, there is an inception of the risk the moment the ship breaks ground for the voyage, although the time for receiving the cargo has not yet

arrived. (*Thompson* v. *Taylor*, 6 *T. R.* 478; *Horncastle* v. *Suart*, 7 *East*, 400; *Livingston* v. *The Columbian Ins. Co.* 3 *John.* 49; *Moses* v. *Pratt*, 4 *Camp.* 297; *Williamson* v. *Innes*, 1 *Moody & Rob.* 88; 8 *Bing.* 79, *note*, *S. C.*) There is also an insurable interest when the shipowner has made a valid contract for freight with a third person, or has purchased goods to be shipped on his own account, and the ship is at the proper place ready to receive the cargo. (*Warre* v. *Miller*, 4 *B. & C.* 538; *Devaux* v. *J'Anson*, 5 *Bing. N. C.* 519; *Flint* v. *Flemyng*, 1 *B. & Ad.* 45; *Hart* v. *The Delaware Ins. Co.* 2 *Wash. C. C. R.* 346.) But these, and all the other cases on which the plaintiffs rely, were upon policies which did not in terms declare when the risk should commence; while in the case before us, the parties have entered into a full and formal contract on the subject of freight; and have in express and un-equivocal terms fixed the time for the beginning of the adventure. The insurance is, "upon the freight of all kinds of lawful goods and merchandize, *laden or to be laden* on board the ship: *beginning the adventure* upon the said freight [of all kinds of lawful goods and merchandize,] *from and immediately after the loading thereof on board of the said vessel.*" The words are too plain and explicit to leave any room for doubt or construction: and although the plaintiffs may have had an insurable interest in the freight before the vessel was lost, it is enough to say, that such interest was not insured by the defendants. They did not take upon themselves any risk until the goods should be on board the ship; and as there is no averment that any were put on board, the plaintiffs cannot recover.

Judgment for the defendants.